MATTER OF DEL CONTE

In VISA PETITION Proceedings

A-13793529-530

*Decided by District Director July 16, 1964*

(1) Although beneficiaries, born of an adulterous relationship of their mother, may be considered to have 2 legal parents, because their mother is unable to provide care for them, her husband refuses to accept responsibility for their care and support since they are not his children, and they have been cast from the family circle because of the circumstances of their birth, they have been abandoned within the meaning of section 101(b)(6), Immigration and Nationality Act, as amended.

(2) Although a previous petition was approved for petitioners in behalf of a child as defined in section 101(b)(1)(F), Immigration and Nationality Act, as amended, the limitation imposed by section 205(c) of that Act does not preclude the approval of 2 additional petitions in behalf of eligible orphans who are twin sisters, since the separation of the sisters would thereby be prevented.

**DISCUSSION:** The petitioners, citizens of the United States, were married on March 23, 1957. No children were born of this union but on March 19, 1963 they adopted a child, Michael, born in Italy on July 21, 1960, who was brought by the petitioners to the United States as an eligible orphan on the basis of their petition approved by this office on December 13, 1961. This child is not related by blood to the beneficiaries of the petitions here considered. The Boston Children's Service, affiliated with the International Social Service, is the voluntary agency involved. The home study of the agency is favorable and the agency has given assurance that the preadoption requirements of the State of Massachusetts have been met. Investigation of the petitioners by the Immigration and Naturalization Service is entirely favorable. Overseas investigation of the mental and physical health of the beneficiaries reveals no illnesses or defects.

The beneficiaries are twin sisters, born at Campobasso, Italy on August 1, 1962 to Giovannina Del Conte as the result of her adulterous union with their unnamed father. The beneficiaries have been transferred from their mother's home to the physical custody of the International Social Service, awaiting emigration, and have been irrevoca-

bly released to the International Social Service by their mother and her husband, Michele Del Conte, for emigration to the United States and for adoption.

The report of the Officer in Charge of this Service at Rome and the records of the International Social Service show that Giovannina Del Conte has been married but once—to Michele Del Conte, in Italy in 1953. From 1955 to 1960 Michele Del Conte lived in Venezuela while his wife remained in Italy. During his absence, Giovannina Del Conte gave birth in 1958 to a child, Maria, the offspring of an adulterous union. Michele Del Conte returned to Italy in 1960 but did not rejoin his wife owing to the circumstances of the birth of Maria. While these spouses were still living apart, Giovannina Del Conte gave birth on August 1, 1962 to the twin beneficiaries as the result of another adulterous relationship.

The overseas investigation shows further that Michele Del Conte is residing in marital union with the mother of the beneficiaries but is unwilling to support or care for them because they are not his children. Under Italian law, the beneficiaries may well be regarded as the children of Michele Del Conte in the absence of any legal action to disclaim them. Michele Del Conte has not legally disavowed their paternity but the record appears clear that they are not his natural children.

The subject petitions were filed with a view to according the beneficiaries nonquota status under the provisions of section 101(a)(27)(A) of the Immigration and Nationality Act as "children" of a citizen of the United States. Section 101(b)(1)(F) of the same Act defines the term "child" to mean an unmarried person under 21 years of age . . . .

who is an eligible orphan, adopted abroad by a United States citizen and spouse or coming to the United States for adoption by a United States citizen and spouse: *Provided*, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage be accorded any right, privilege, or status under this Act.

Section 101(b)(6) of the Act defines an "eligible orphan" as:

Any alien child under the age of fourteen at the time at which the visa petition is filed pursuant to section 205(b) who is an orphan because of the death or disappearance of both parents, or because of abandonment, or desertion by, or separation or loss from, both parents, or who has only one parent due to the death or disappearance of, abandonment, or desertion by, or separation or loss from the other parent, and the remaining parent is incapable of providing care for such orphan and has in writing irrevocably released him for emigration and adoption.

Section 205(c) of the Act provides that . . . .

Not more than two such petitions may be approved for one petitioner in behalf

of a child as defined in section 101(b)(1)(E) or (F), unless necessary to prevent the separation of brothers and sisters.

The issues to be resolved here are: (1) Whether the beneficiaries are eligible orphans within the meaning of the statute; and (2) May these petitions be approved in light of the restriction contained in section 205(c) since the petitions here discussed are the second and third by the same petitioners?

These beneficiaries were living with their mother and presumably with the latter's husband at the time of their release to the International Social Service. Although they may be considered to have two legal parents, they have been cast from the family circle because of the circumstances of their birth. Their mother is unable to provide care for them and her husband refuses to accept responsibility for their care and support. It is clear that the repudiation of the beneficiaries as children of the Del Conte family is as complete at it is tragic. Their presence in the Del Conte household would be a continual irritant to conjugal harmony and the fact that they have been thrust from the home for the purpose of surrendering them for adoption 3,000 miles away is in itself evidence of the finality of their rejection. This is not a contrived situation, as has been encountered occasionally in other cases, where the two parents have abandoned or surrendered a child to another party for the purpose of enabling the child to qualify as an eligible orphan in order to immigrate to the United States. The beneficiaries are as completely orphaned by abandonment as a result of the family circumstances as those children orphaned by death of their parents. Therefore, we find the beneficiaries to be eligible orphans within the meaning of this statute.

The remaining issue is whether the petitions may be approved in view of the restriction of section 205(c) of the Act. The petitioners' first orphan petition was approved for Michael Toupouzis, now their adopted son. The second and third petitions by these petitioners are for the twin beneficiaries. We are satisfied that these latters petitions come within the exception to the restriction of section 205(c) and their approval is warranted in order to prevent the separation of the twin sisters.

ORDER: It is ordered that the visa petitions be approved.