MATTER OF CHOJNOWSKI

In Visa Petition Proceedings

A-14047448

Decided by Board August 19, 1965

Since the birth certificate of beneficiary (born out of wedlock in Poland in 1948) showing his father to be petitioner (a native and citizen of the United States) reflects registration of such certificate in the Vital Statistics Bureau, which registration constitutes acknowledgment under Polish law, and since acknowledgment by the natural father of a child born out of wedlock in Poland constitutes legitimation, beneficiary is a "child" within the meaning of section 101(b) (1), Immigration and Nationality Act, as amended, and eligible for nonquota status.

The case comes forward on appeal from the order of the District Director, Chicago District, dated April 14, 1965, denying the visa petition for the reason that the beneficiary is not a "child" as defined in section 101(b) (1) of the Act, in that he is not a legitimate child.

The petitioner, a native and citizen of the United States, 56 years old, male, seeks nonquota status on behalf of his child, a native and citizen of Poland, 17 years old, male. The petitioner admits that he was not married to the mother of the beneficiary and that the beneficiary was born out of wedlock.

The District Director has concluded that the petitioner has failed to furnish proof of establishment of paternity as required by the Family Law of Poland of 1946. The file contains a report entitled "Rights and Privileges of a Child Born Out of Wedlock, in 1948, in Poland" furnished by the Library of Congress. It is believed that the District Director's conclusion as to the effect of Polish law under the circumstances of the case is misplaced.

In support of the visa petition the petitioner has submitted a birth record issued by the Director of Vital Statistics and Bureau of Warsaw, Poland certifying that the beneficiary was born on June 5, 1948 in Wasewo, Ostrow-Maz, Poland from father, Stanislaw Chojnowski (the petitioner) and mother Halina Chojnowski nee Witenski.

The report from the Library of Congress indicates that the Law of

287

1946, Concerning Family Law, provided three ways of establishing the paternity of a child born out of wedlock, one of which was acknowledgement by the father. Under Article 64, section 1, a father may acknowledge his child born out of wedlock; and under section 2, the acknowledgement shall be made in the form of an act before the official of the Civil Status Registry. According to the law concerning the Civil Status Register of 1945, the civil status of a person is established on the basis of the acts performed in the Civil Status Register (Art. 1). Entries made in the Civil Status Register constitute conclusive evidence as to the events established in the Register, provided the Register is properly kept (Art. 42, section 1). Entries in the Register constitute proof of the events established by them with respect to the birth, thus providing the answer to the questions as to where the child was born, when, his sex, his first and second name, the names of his father and mother.

The report from the Library of Congress states that both the Law of 1950 and the Law of 1964 state that all legal acts concerning the legal status of a child and the establishment of the paternity of a child, in particular, should be determined according to the law existing at the time these acts were performed; hence, the provisions of the Family Code of 1946 in the matter of the establishment of paternity, were applicable. Article XXI, section 1 of the Law to Enforce the Code of Domestic Relations of 1950, provides that the validity of legal acts concerning the relationship between parents and children which were performed before the Code of Domestic Relations took effect shall be determined according to the provisions previously in force. Article XII of the Code of Domestic Relations and Guardianship of 1964, which superseded the Law of 1950, contains a similar provision. Under the Law of 1946 only a child born out of wedlock who was acknowledged by the father enjoyed the full legal status of that of a child born in wedlock (Art. 68).

The report goes on to state that the Code of Domestic Relations of 1950, and that of 1964, abolished all distinctions between children born of legally married parents and those born out of wedlock. Article XXVII provides that whenever the paternity of a man who is not the husband of the mother has been determined, in any way provided for by the law in force, before the day on which the Code of Domestic Relations took effect (prior to October 1, 1950), the child shall have all rights and duties in regard to his father and his family in accordance with the Code of Domestic Relations on the day on which the Code of Domestic Relations went into force. The Law to Enforce the Code of Domestic Relations and Guardianship, which superseded the Law of 1950, contains a similar provision.

The petitioner herein has submitted a birth certificate relating to the beneficiary which shows that the petitioner is the father of the beneficiary and such birth certificate was registered in the Vital Statistics Bureau. This registration constitutes conclusive evidence of the events established in the Register and constitutes acknowledgement so as to render the child legitimate in accordance with the Law of 1946. Under the Polish law the child is legitimate. The matter of legitimation under Polish law is treated at length in *Matter of K—,* 8 I. & N. Dec. 73. The appeal will be sustained.

ORDER: It is ordered that the appeal be sustained and that the visa petition be approved for nonquota status on behalf of the beneficiary.