MATTER OF SINCLAIR

In Visa Petition Proceedings

A–18148204

*Decided by Board September 30, 1970*

Under the law of Panama, legitimation of beneficiary, who was born out of wedlock in Panama in 1947, was accomplished by petitioner's acknowledgment of paternity of beneficiary by a declaration before the Mayor of Colon.

ON BEHALF OF PETITIONER:
Pro se

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The petitioner appeals the decision of the District Director denying this visa petition filed to accord the beneficiary immediate relative status as the child of a United States citizen. The District Director determined that the petitioner failed to establish that the beneficiary is his legitimate child. We conclude that legitimacy has been established but the appeal must nevertheless be dismissed for another reason.

The petitioner is a native of Panama who became a naturalized citizen on August 5, 1963. The beneficiary, a native and citizen of Panama, was born on December 14, 1947, in Colon, Panama, to the petitioner and one Luisa Williams, whom the petitioner never married. The beneficiary's birth certificate presented in support of this petition lists the petitioner as the father. No mention is made therein of the parents' marital status or the legitimacy of the child.

On appeal petitioner asserts that his declaration in the birth certificate before the Mayor of the City of Colon that the beneficiary was his son is sufficient to constitute legitimation. He argues that according to the laws of Panama the beneficiary was, at birth, legitimate.

Our careful consideration of this question persuades us that the petitioner's argument has merit. In a memorandum furnished to us by the Hispanic Law Division of the Library of Congress, the

laws of Panama regarding legitimacy are discussed. Article 58 of the Panamanian Constitution enacted on March 1, 1946, provides as follows:

Parents have the same duties with respect to their children born out of wedlock as they do toward children born in wedlock. All children are equal before the law and have the same rights of inheritance in intestate succession.

It is clear that Article 58 abolished the old distinctions between legitimacy and illegitimacy [1] by providing for the equal treatment of all children, especially for purposes of intestate inheritance. [2]

The beneficiary's birth certificate, which lists the petitioner as the father and makes no reference to the marital status of the parents, follows the mandate of Article 59 which provides:

Investigation of paternity shall be regulated by law. Any classification based on the nature of filiation is abolished. No statement establishing distinctions as to the birth or as to the civil status of parents shall be entered on the registration records or in any affidavit, baptismal record or certificate referring to such filiation.

We have previously noted the law of Panama regarding legitinacy in an unreported decision involving a child who was born in Panama in 1952 to a citizen of the United States, *Matter of Miguel Rodriguez-Sanchez*, A–10197343 (BIA, March 11, 1958). The father claimed that his child was a United States citizen at birth. In that case the child's parents never married. We noted an opinion of the Attorney General of Panama which discussed the changes wrought by the Constitution of 1946 regarding the abolition of the distinction between legitimate and illegitimate children. The Attorney General observed that at the moment the putative father acknowledges his paternity before the civil authorities, his status of father of the child becomes legally determined along with the obligations inherent in that status. We are persuaded that the petitioner's acknowledgment of the beneficiary's paternity by a declaration before the Mayor of Colon, fulfilled all the legal prerequisites.

---

[1] The Civil Code of Panama of 1916, repealed by the Constitution of 1946, contained the following provisions respecting the legitimacy of children:

Article 164. Only natural children may be legitimated.

Article 165. Legitimation is effected by the subsequent marriage of the parents, and it shall be valid even if the marriage is declared void, provided there was good faith in contracting same.

It is clear that under the prior Act, the petitioner would have to establish that he married the beneficiary's mother.

[2] Article 62 of the Constitution provides:

All children are equal under the law, have the same intestate inheritance rights and the right to be acknowledged by their parents.

By virtue of the provisions of Article 69,[3] the Constitution of 1946 applies to the beneficiary, who was born in 1947. We, therefore, conclude that the petitioner has discharged his burden of establishing that the beneficiary is his legitimate child.

Although legitimate, however, the beneficiary cannot qualify as an immediate relative. He became twenty-one years of age on December 14, 1968, some 6 months before the visa petition was filed. Section 101(b)(1) of the Act defines a "child" as "an unmarried person under twenty-one years of age." The beneficiary could not possibly meet this statutory prerequisite. The visa petition was therefore properly denied. Under the circumstances, we have no alternative but to dismiss the appeal.

ORDER: It is ordered that the appeal be and it is hereby dismissed.

---

[3] Article 69 provides as follows:
Children born after March 2 [of 1946] shall remain *ipso jure* included in the provisions of this organic law, in accordance with the provisions of Article 59 of the Constitution.