## MATTER OF QUISPE

### In Visa Petition Proceedings

### A–18880757

*Decided by Board March 30, 1977*

(1) In order for a child (petitioner) to confer immigration benefits on a parent (beneficiary), petitioner must first qualify as a child under section 101(b)(1) of the Immigration and Nationality Act, and beneficiary must qualify as a parent under section 101(b)(2) of the Act.

(2) Petitioner was born out of wedlock but his father acknowledged him within a few weeks of his birth in 1939 as provided in Article 350 of the Peruvian Civil Code. However, petitioner's parents never married. Article 314 of the Peruvian Civil Code provides that legitimation of children born out of wedlock takes place by subsequent marriage of the parents or by judicial declaration after a petition has been filed by the legitimating parent. Legitimation and illegitimate paternal filiation are two separate procedures under the Peruvian Civil Code which have different legal consequences. Article 762 of the Peruvian Civil Code distinguishes between legitimate and illegitimate children for purposes of inheritance. Acknowledgment of paternity before a civil registrar does not appear to convert the status of an illegitimate child to that of a legitimate one. Under these circumstances petitioner was never legitimated under the law of Peru and cannot qualify as a child under section 101(b)(1)(C) of the Act.

(3) Petitioner cannot qualify as an adopted child under section 101(b)(1)(E) of the Act because he was over the age of 14 when the beneficiary adopted him.

(4) Since the petitioner cannot qualify as the child of the beneficiary as required by the Act, the visa petition filed in behalf of his father was properly denied.

ON BEHALF OF PETITIONER: Joseph A. Bonis, Esquire
8630 Fenton Street
Silver Spring, Maryland 20910

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The United States citizen petitioner has appealed from an order of the District Director, dated March 16, 1976, denying a visa petition on behalf of his alleged natural father. The appeal will be dismissed.

The beneficiary is a 72-year-old male, native and citizen of Peru. He evidently supported the petitioner until the petitioner achieved financial independence. The petitioner, a 38-year-old male native of Peru, has submitted a translation of a document which states that the beneficiary appeared before a civil registrar in Peru and acknowledged the petitioner as his illegitimate son. This acknowledgment of paternity oc-

curred on December 1, 1939, several weeks after the birth of the petitioner. It is undisputed that the beneficiary and the mother of the petitioner never married. As additional evidence of the claimed relationship, the petitioner has submitted a certified copy of an adoption order issued by the Circuit Court of Montgomery County, Maryland, and dated June 10, 1975, which states that the beneficiary has adopted the petitioner as his heir at law and next of kin.

One who seeks immigration benefits on behalf of a parent must establish that he, the petitioner, qualifies as a child under the Act. Section 101(b)(2) of the Act. The petitioner is concededly not a legitimate child; therefore, he must show that a parent-child relationship exists by virtue of adoption or legitimation.

It is apparent that the petitioner cannot qualify as the adopted child of the beneficiary since he was adopted when he was over the age of 14 years. See section 101(b)(1)(E) of the Act.

Under section 101(b)(1)(C), a child legitimated before the age of 18 years according to the law of the child's or the father's residence or domicile qualifies as a child for the purposes of the Act. The child must also have been in the legal custody of the legitimating parent or parents at the time of legitimation.

The issue here is whether the act of acknowledging paternity of an illegitimate child constitutes legitimation under the law of Peru. The petitioner has submitted a translation of the provisions of the Civil Code of Peru prepared by the counsel for the Embassy of Peru in the United States, relating to paternal illegitimate filiation. See Appendix A.

We have received a memorandum from the Library of Congress, dated March 8, 1977, in which the provisions of the Civil Code of Peru relating to legitimation are explained and set forth. See Appendix B.

Article 350 of the Civil Code states that recognition and statement of paternity are the only means of proof of illegitimate paternal filiation. Article 354 provides that recognition of illegitimate children shall be filed in the birth registry or by public writing or by will. If an illegitimate child is acknowledged by the father in this manner he is entitled to bear the father's name according to Article 361.

The provisions of the Peruvian law dealing with legitimation are set forth elsewhere in the Civil Code. Article 314 of the Civil Code provides that legitimation of children born out of wedlock is accomplished either by the subsequent marriage of the parents or by judicial declaration after a petition has been filed by the legitimating parent.

It is evident that legitimation and illegitimate paternal filiation are two separate procedures under Peruvian law which have different legal consequences. The Civil Code does distinguish between legitimate and illegitimate children and with regard to inheritance from a common parent. See Article 762 of the Civil Code of Peru (Appendix A). Acknowl-

edgment of paternity before a civil registrar apparently does not convert the status of an illegitimate child to that of a legitimate one according to the Civil Code of Peru. Compare *Matter of Sinclair*, 13 I. & N. Dec. 613 (BIA 1970). We conclude that the petitioner has not been legitimated in accordance with the law of Peru.

Since the petitioner has failed to establish that he qualifies as a child under the Act, the beneficiary cannot receive immigration benefits as his parent. While recognizing the sympathetic aspects of this case, we must agree with the District Director's decision denying the petition.

Although we are dismissing the appeal, we note that, in view of the beneficiary's advanced age, he may not be required to comply with the labor certification requirement if he wishes to apply for an immigrant visa. See *Matter of Gomez*, Interim Decision 2545 (BIA December 20, 1976).

**ORDER:** The appeal is dismissed.

### APPENDIX A

### TRANSLATION

### *Peruvian Civil Code*

*Art. 348.* Children born out of wedlock are considered to be illegitimate.

*Art. 350.* Recognition and statement of paternity are the only means of proof of illegitimate paternal filiation.

*Art. 354.* Recognition of illegitimate children shall be filed in the birth registry or by public writing or by a will.

*Art. 361.* An illegitimate child will bear the father's or the mother's name, according to who recognizes him, or the father's name if both recognize the child.

*Art. 761.* If all children are legitimate or if all children are illegitimate, they shall inherit in equal parts.

Other descendents, solely or together with children shall inherit according to lineage.

*Art. 762.* If there are legitimate and illegitimate children, each of the latter shall receive one-half of what each legitimate child receives.

### APPENDIX B

### TRANSLATION

### *Peruvian Civil Code**

*Art. 314.* Legitimation of children born out of wedlock takes place:

---

\* M. Balarezo Gamarra, *Código Civil Peruano* (Editorial Juris, Lima, 1974).

1. By the subsequent marriage of the parents, in which case legitimation of the affected children takes place *ipso jure*.

2. By judicial declaration.

*Art. 316.* The subsequent marriage of the parents legitimates their children even when such marriage is void, provided that at least one of the spouses married the other in good faith.

*Art. 319.* To obtain legitimation by judicial declaration, the following requirements must be met:

1. Legitimation by subsequent marriage is not possible;

2. The petitioner—either the father or the mother—must not have legitimate children of his or her own, children legitimated by subsequent marriage of the parents, or descendants thereof;

3. The father must have no other acknowledged children or descendants thereof by the same mother, unless he legitimates all of them.

*Art. 320.* Children older than 18 years of age shall not be legitimated by judicial declaration without their consent.

*Art. 321.* The petition for legitimation by judicial declaration may be filed by one or both parents.

Also a child whose mother or father has died or has become disabled may file the petition for legitimation by himself, provided that said father or mother has stated previously in a will or public instrument his or her intention to legitimate the child.