MATTER OF MALONEY

In Visa Petition Proceedings

A–22560105

*Decided by Board December 21, 1978*

(1) Under the Constitution of Panama of March 1, 1946, and its implementing law of September 30, 1946, all acknowledged children are to be treated equally and considered legitimate, regardless of whether or not the natural parents ever marry.

(2) The right of legitimation extends to those born before March 2, 1946. To preserve this right, in cases where paternity has not previously been acknowledged in the birth records, it is only necessary for the father to rectify the birth registration in the Civil Registry.

(3) Where petitioner acknowledged his paternity of illegitimate child before officials of the Civil Registry in Panama in 1937, 13 days after the birth of the beneficiary, legitimation occurred on that date under the law of Panama.

ON BEHALF OF PETITIONER: Pro se

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The United States citizen petitioner has applied for immediate relative status for the beneficiary as his married daughter, under section 203(a)(4) of the Immigration and Nationality Act, 8 U.S.C. 1153(a)(4). In a decision dated July 14, 1978, the District Director denied the petition on the ground that the claimed relationship had not been established. The petitioner has appealed. The record will be remanded.

The petitioner is a 64-year-old native of Panama and a naturalized citizen of the United States. The beneficiary is a 41-year-old native and citizen of Panama, the offspring of the petitioner and a Panamanian citizen.

The District Director denied the petition on the ground that the beneficiary was illegitimate at birth and had never been legitimated. The petitioner, on appeal, contests this finding, and has presented a certificate of birth listing him as the beneficiary's father. The birth certificate indicates that the petitioner declared that the beneficiary was his daughter on July 7, 1937. The question that arises is whether or not this declaration is sufficient, under Panamanian law, to constitute an acknowledgment of paternity legitimating the beneficiary.

Previous cases we have dealt with under Panamanian law concerned children born after the enactment of the Constitution of 1946. *Matter of*

*Dela Rosa*, 14 I. & N. Dec. 728 (BIA 1974); *Matter of Sinclair*, 13 I. & N. Dec. 613 (BIA 1970). In this case, the beneficiary was born in 1937. Under the provisions of Law 43 of 1925, then in force, legitimation could only be accomplished by marriage to the natural mother and acknowledgment, either before, during, or after the ceremony. The petitioner never married the natural mother, so under the provisions of Law 43, the beneficiary was never legitimated. However, this finding does not close the discussion.

The Constitution of March 1, 1946, while not providing that all laws were to have retroactive effect, did repeal all laws not compatible with it.[1] Article 58 granted all children equal rights before the law and abolished classification based upon the nature of the father-child relationship.[2] "Classification" referred to the categories legitimate, natural, or illegitimate which had existed under prior laws.[3] Article 59 granted fathers the authority to protect children born before the effective date of the Constitution, by "rectifying" any records in which such "classification" had been established.[4]

In addition, Law 60 of September 30, 1946, which implemented the provisions of Articles 58 and 59, provides that a father may protect a child born prior to March 2, 1946, by rectifying records which qualify the child. Such rectification protects the child as provided in Article 59 of the Constitution. Article 62 of Law 60 deals with acknowledgment of a child of legal age where such was not recorded in his birth registration.[5] Article 70 allows a father to protect the child under the Constitution by having the child's birth record annotated in the margin.[6]

The language of the constitutional and statutory provisions indicates two things. The first is that under the 1946 Constitution, all acknowl-

---

[1] Article 44, Constitution of 1946; Article 253, *id.*

[2] Article 58, *id.*

. . . All children are equal before the law and they have the same rights. . . . Any classification based on the nature of the relationship is abolished. . . .

[3] Civil Code of 1916.

[4] Article 59, Constitution of 1946.

Authority is granted to the father of a child born before the effective date of this Constitution to protect him by the provisions of this Article, by means of the rectification of any record or attestation in which any classification has been established with respect to said child.

[5] Article 62, Law of September 30, 1946.

All children are equal under the law, have the same interstate inheritance rights and the right to be acknowledged by their parents. . . .

[6] Article 70, *id.*

In order for the father of a child born prior to March 2, 1946, to protect him under the provisions of Article 59 of the Constitution, he shall declare it in a public instrument, a copy of which shall be submitted to the Civil Registry, for annotation in the margin of the child's birth record.

651

edged children are to be treated equally in the eyes of the law as legitimate children. It is clear that acknowledgment of paternity, with or without marriage, will lead to legitimation. The second thing it indicates is the clear intent of the Panamanian drafters to confer the right to be treated equally, the right of legitimation, to those born before March 2, 1946. To preserve this right, it is only necessary to rectify the birth registration where paternity has not been acknowledged. This language shows a clear desire to consider children previously acknowledged, before the Constitution of 1946 went into effect, as legitimate from the time the acknowledgment was entered into the Civil Registry. This result also flows naturally from the absence of any provisions requiring previously acknowledged children to be legitimated by an action such as rectification, which is necessary where paternity was not previously acknowledged.

The legitimation here occurred on July 7, 1937, when the petitioner went before the officials of the Civil Registry and acknowledged his paternity. Since this acknowledgment was made 13 days after the birth of the beneficiary, we also find that the act of legitimation occurred before the age of 18.

Under section 101(b)(1)(C) of the Act, 8 U.S.C. 1101(b)(1)(C), though, one question remains unresolved on the record before us. The third requirement of that section is that the child must be in the legal custody of the legimating parent or parents when the act of legitimation occurs. We have found that the beneficiary was legimated on July 7, 1937, when the written acknowledgment was made in the Civil Registry. It is unclear, however, whether the petitioner had legal custody at that time. We will therefore remand the record to the District Director for clarification of this point.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: Should a decision be adverse to the petitioner, an appropriate order shall be entered and the record shall be certified to us for review.