MATTER OF RODRIGUEZ

In Visa Petition Proceedings

A-22756201

*Decided by Regional Commissioner November 7, 1980*

(1) A child is an "orphan" within the meaning of section 101(b)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(F), if he/she is the child of a sole parent who is unable to provide for the child and has irrevocably released the child for emigration and adoption by a United States citizen and spouse who have complied with the preadoption requirements.

(2) An illegitimate child has only one parent, the child's natural mother, for purposes of the Immigration and Nationality Act.

(3) Where an act is insufficient to establish the legitimacy of an illegitimate child under the laws of the child's resident country, the child remains illegitimate though the Act would have established his/her legitimacy in other countries.

ON BEHALF OF PETITIONER: Pro se

This matter is before me on certification from the District Director's decision of October 15, 1980, denying the visa petition to classify the beneficiary as an immediate relative orphan under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b). The petition should be approved.

The facts are a matter of record. The beneficiary was born in Peru on September 19, 1980, to Ana Sinforosa Rodriguez-Pomayay, an unmarried woman. The beneficiary's natural father acknowledged his paternity on September 25, 1980, and this fact was recorded on the beneficiary's birth certificate. On September 30, 1980, the beneficiary's mother executed a "Certificate of Consent" before the Interior Secretary and Judge of the First Court of Minors in Lima, Peru, in which she stated that the beneficiary lacks the necessities of life, and that she is willing to have the child adopted by the petitioners. This document, and the home study report prepared by a social assistant contracted by the State of Peru on October 9, 1980, indicated that Ms. Rodriguez was irrevocably releasing her daughter, the beneficiary, for emigration and adoption. The beneficiary's natural father also signed this document. The petitioners are both citizens of the United States who are married to each other. A favorable home study was conducted in August 1980, by a non-profit

child placement agency licensed by the Colorado State Department of Social Services. The visa petition now under consideration was filed on July 3, 1980.

The District Director denied this petition on his finding that the beneficiary was not an orphan within the meaning of section 101(b)(1)(F) of the Immigration and Nationality Act, 8 U.S.C. 1101(b)(1)(F), because she had two living parents who had neither abandoned, nor deserted her. The District Director noted that although the beneficiary's parents were unmarried, they were living together as a family unit with the beneficiary and the two other children born to them. On this basis, the District Director concluded that the beneficiary had *two* parents. The District Director also reasoned that the beneficiary has not been abandoned, as that term is contemplated by section 101(b)(1)(F) of the Act, because she has not become a ward of the State of Peru but rather had been turned over to the petitioners for adoption directly by her natural parents. *Matter of Del Conte*, 10 I&N Dec. 761 (BIA 1964).

Section 101(b)(1)(F) of the Act defines the circumstances under which a child may be classified as an orphan:

> (F) a child, under the age of fourteen at the time a petition is filed in his behalf to accord a classification as an immediate relative under section 201(b), who is an orphan because of the death or disappearance of, abandonment or desertion by, or separation or loss from, both parents, or for whom the sole surviving parent is incapable of providing the proper care and has in writing irrevocably released the child for emigration and adoption; who has been adopted abroad by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who personally saw and observed the child prior to or during the adoption proceedings; or who is coming to the United States for adoption by a United States citizen and spouse jointly, or by an unmarried United States citizen at least twenty-five years of age, who have or has complied with the preadoption requirements, if any, of the child's proposed residence: *Provided*, That the Attorney General is satisfied that proper care will be furnished the child if admitted to the United States: *Provided further*, That no natural parent or prior adoptive parent of any such child shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this Act.

Because the District Director concluded that the beneficiary is a child with two parents, he reasoned that the petitioners must establish that these parents have either disappeared or have abandoned, deserted, been separated or lost from the beneficiary if the child is to be classified as an orphan. However, I find that the beneficiary is the child of only one parent. Therefore, I conclude that the petitioners need only demonstrate that this sole parent is unable to provide for the beneficiary and has irrevocably released her for adoption. It is not necessary to show that the beneficiary has been abandoned. Thus, I need not consider this issue addressed by the District Director.

The beneficiary was acknowledged by her natural father within 1 week of her birth; however, this act alone is insufficient to accomplish legitimation under the laws of Peru. *Matter of Quispe*, 16 I&N Dec. 174

(BIA 1977). This is true, even though such an act of acknowledgment would cause an illegitimate child to be considered to have been legitimated if born in some other countries.

*See*, for example: *Matter of Sanchez*, 16 I&N Dec. 671 (BIA 1979) (Honduras); *Matter of Sinclair*, 13 I&N Dec. 613 (BIA 1962) (Panama); *Matter of Krzyewski*, 8 I&N Dec. 73 (BIA 1958) (Poland); *Matter of Gallina*, 9 I&N Dec. 518 (BIA 1961) (Hungary); *Matter of Jancar*, 11 I&N Dec. 365 (BIA 1965) (Yugoslavia, Rumania); *Matter of Wong*, 16 I&N Dec. 646 (BIA 1978) (China). By Article 314 of the Peruvian Civil Code, legitimation of children born out of wedlock only takes place by subsequent marriage of the parents or by judicial declaration in certain narrowly-defined circumstances. *Matter of Quispe, supra*. The record before me indicates that the beneficiary's parents have not married. Therefore her status was not converted to a legitimate child by the acknowledgment of paternity. The beneficiary has only one parent for the purposes of the Immigration and Nationality Act—her mother.

I have carefully reviewed the record and conclude that the beneficiary's sole parent and the petitioners have taken the actions which make the beneficiary an orphan. The beneficiary's mother has declared and a social welfare agency study in Peru has verified that she is unable to provide proper care for the beneficiary. In an affidavit before a municipal court in Peru, she irrevocably released her child for emigration and adoption. A home study of the petitioners indicates that they are capable of providing for the beneficiary and that they intend to adopt her. I conclude that the beneficiary is an orphan and the visa petition should be approved.

**ORDER:** District Director's decision vacated and petition approved.

11