## MATTER OF BRENINZON

### In Visa Petition Proceedings

### A-23427238

*Decided by Board March 6, 1984*

(1) Article 6 of the 1979 Constitution of Peru does not eliminate all legal distinctions between legitimate and illegitimate children and, consequently, a child born out of wedlock in Peru may not be considered a legitimate or a legitimated child within the meaning of sections 101(b)(1)(A) or (C) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(b)(1)(A) or (C) (1982), by virtue of its provisions.

(2) The legitimation of a child born out of wedlock can only be accomplished under Peruvian law by the subsequent marriage of the child's parents or by a judicial declaration upon petition of the legitimating parent. *Matter of Quispe*, 16 I&N Dec. 174 (BIA 1977), reaffirmed.

ON BEHALF OF PETITIONER:
Antonio C. Martinez, Esquire
324 West 14th Street
New York, New York 10014

ON BEHALF OF SERVICE:
Charles Parker, Jr.
Chief Legal Officer

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

In a decision dated October 6, 1980, the district director denied the visa petition filed by the United States citizen petitioner to accord the beneficiary immediate relative status as her father. The petitioner appealed from that decision. On January 19, 1981, the Board remanded the record to the district director for consideration of the effect, if any, of Article 6 of the July 12, 1979, Constitution of Peru in the petitioner's case.

The beneficiary is a 62-year-old native and citizen of Peru. The record reflects that the petitioner was born in Peru in June 1954 of a relationship between the beneficiary and a woman who was not then and never became his wife. At issue is whether the beneficiary may qualify as a parent of the petitioner within the meaning of sections 101(b)(1) and (2) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(b)(1) and (2) (1982).

Section 101(b)(2), which defines the term "parent," refers to the definitions of the term "child" set forth in section 101(b)(1), which definitions include:

(A) a legitimate child; or

. . . .

(C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

In his initial decision of October 6, 1980, the district director determined that the petitioner, who was illegitimate at birth, had never been legitimated within the meaning of section 101(b)(1)(C) and, accordingly, could not establish that the requisite child/parent relationship exists between herself and the beneficiary.

This Board has held that the legitimation of a child born out of wedlock could only be accomplished under Peruvian law by the subsequent marriage of the child's natural parents or by a judicial declaration upon petition of the legitimating parent.[1] *Matter of Quispe*, 16 I&N Dec. 174 (BIA 1977). Neither of those events occurred in the petitioner's case. A question remains, however, whether our holding in *Matter of Quispe* may be permitted to stand in light of Article 6 of the 1979 Constitution of Peru which provides:

The State protects responsible parenthood. It is the duty and the right of parents to support, educate, and provide security for their children, just as children have the duty to respect and assist their parents. All children have equal rights. Any reference concerning the civil status of the parents and the nature of the parentage of the children in civil registries and in identification documents is prohibited.

Translation from May 11, 1982, report of the Hispanic Law Division, Library of Congress.

In his decision on remand dated January 12, 1983, the district director determined that the 1979 Constitution did not have the effect of making the petitioner the "child" of the beneficiary under the definition provided in sections 101(b)(1)(A) or (C) of the Act. The petitioner filed her present appeal from that decision. We agree with the result reached by the district director.

The Board has recognized instances in which a country has eliminated all legal distinctions between legitimate and illegitimate children with the result that a child within the scope of such law

---

[1] The State of New Jersey, the petitioner's present place of residence, likewise requires the marriage of the parents to effect legitimation. *Matter of Clarke*, 18 I&N Dec. 369 (BIA 1983).

may qualify for immigration benefits regardless of the circumstance of his or her birth. *See Matter of Hernandez,* 19 I&N Dec. 14 (BIA 1983); *Matter of Cardoso,* 19 I&N Dec. 5 (BIA 1983); *Matter of Wong,* 16 I&N Dec. 646 (BIA 1978);[2] *see also Lau v. Kiley,* 563 F.2d 543 (2d Cir. 1977). However, Article 6 of the 1979 Constitution of Peru does not eliminate all distinctions under Peruvian law. According to a report dated May 11, 1982, prepared by the Hispanic Law Division of the Library of Congress in response to an inquiry by the Service, the distinction between legitimate and illegitimate children for purposes of inheritance, set forth in Article 762 of the Civil Code of Peru, 1977 edition,[3] remains intact. The report specifies that the foregoing provision of the Civil Code has not been amended since the enactment of the Constitution to abolish the distinction with regard to inheritance rights.

The petitioner has not proven that Article 6 eliminates for all purposes the distinction between legitimate and illegitimate children. Accordingly, our holding in *Matter of Quispe, supra,* will not be altered. The appeal will be dismissed.

**ORDER:** The appeal is dismissed.

---

[2] A child born on or after the effective date of the law is deemed to be the legitimate child of his or her natural father under section 101(b)(1)(A) of the Act. A child who was under 18 years of age on that date is considered to have been legitimated within the meaning of section 101(b)(1)(C) of the Act by the change in the law. *See Matter of Cardoso, supra,* and *Matter of Hernandez, supra,* and the cases cited therein.

[3] Article 762, Peruvian Civil Code, states in pertinent part:

Art. 762—If there are legitimate and illegitimate children, each of the latter shall receive half of that amount received by each legitimate child.

Letter to counsel dated June 21, 1977, from the Director of the Legal Office, Department of Foreign Relations, Republic of Peru.