Arturo AYALA–HERNANDEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–77077.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

Martin Avila Robles, Esq., Law Office Of Martin Resendez Guajardo, P.C. San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., John W. Blakeley, DOJ, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Arturo Ayala–Hernandez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's order denying his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo the agency's legal determinations. *See Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002). We deny the petition for review.

The BIA properly determined that Ayala–Hernandez was statutorily ineligible for relief because he lacked a qualifying relative. *See* 8 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1229b(b)(1)(D) (to be eligible for relief an alien must show "exceptional and extremely unusual hardship to the alien's spouse, parent, or child who is a citizen of the United States or an alien lawfully admitted for permanent residence"). Ayala-Hernandez's contention that his granddaughter should be considered a qualifying relative is unavailing because his grandchild does not fall under the definition of "child" for the purposes of establishing eligibility for relief. *See* 8 U.S.C. § 1101(b)(1).

Because the lack of a qualifying relative is dispositive, we do not address the moral character determination. *See* 8 U.S.C. § 1229b(b)(1); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 889 (9th Cir.2003) (noting that an applicant must establish continuous physical presence, good moral character and hardship to a qualifying relative to be eligible for relief).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.