Jorge LOPEZ–VASQUEZ; Julia Segura–Dominguez, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–75084.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Filed June 21, 2007.

Teresa Salazar, Martin A. Robles, Esq., Law Offices of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, David E. Dauenheimer, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Esq., R. Alexander Goring, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BEA, Circuit Judges.

Before: B. FLETCHER, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

Jorge Lopez–Vasquez and Julia Segura–Dominguez (collectively, "Petitioners") seek review of the Board of Immigration Appeals's ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of their applications for cancellation of removal. The IJ pretermitted Petitioners' applications, concluding that they lacked any qualifying relatives for purposes of the hardship determination and rejecting Petitioners' contention that their United States citizen grandchildren should qualify in light of their legal guardianship and custody and the de facto parent-child relationship between them. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Petitioners' grandchildren do not meet the statutory definition of "child" set forth in 8 U.S.C. § 1101(b)(1) and therefore cannot be considered qualifying relatives for purposes of cancellation of removal under 8 U.S.C. § 1229b(1)(D). Petitioners' argument that their grandchildren qualify as orphans under § 1101(b)(1)(F)(i) is unavailing. *Moreno–Morante v. Gonzales,* —— F.3d ——, No. 05–75376, 2007 WL 1775209 (9th Cir., 2007) (filed concurrently with this disposition).

Petitioners' alternative argument that their grandchildren should be considered qualifying relatives in light of the de facto parent-child relationship between them is also unsupported by the law. *Id.; see INS v. Hector,* 479 U.S. 85, 90, 107 S.Ct. 379, 93 L.Ed.2d 326 (1986) (per curiam) ("Congress, through the plain language of the statute, [has] precluded this functional approach to defining the term 'child.' ") (footnote omitted).

Accordingly, the petition for review is **DENIED.**

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.