Juan Pina COLIN; et al., Petitioners,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 06–71179.

United States Court of Appeals, Ninth Circuit.

Submitted: Sept. 27, 2007.**

Filed Oct. 2, 2007.

Christopher J. Stender, Esq., John M. Pope, Esq., Stender & Pope, PC, Phoenix, AZ, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S., Department of Homeland Security, Phoenix, AZ, John C. Cunningham, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM ***

Juan Pina Colin and Amelia Hernandez Sanchez, natives and citizens of Mexico, petition for review of the denial of cancellation of removal.

We lack jurisdiction to review the IJ's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). The IJ's denial of a continuance pending the outcome of petitioners' efforts to obtain custody over their United Citizen granddaughter did not amount to clear abuse. *See Rios–Berrios v. INS,* 776 F.2d 859, 862 (9th Cir.1985) (stating that "decision to grant or deny continuances is in the sound discretion of the trial judge and will not be overturned except on a showing of clear abuse"). Petitioners sought the continuance because they believed that their "adoption of their two year old grandchild ... should afford them another qualifying [U.S. citizen] relative." However, as this court recently held, a grandchild is not a qualifying relative for purposes of cancellation of removal and, though upon completion of the adoption process, Petitioners could have argued their grandchild met

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the definition of "child" under 8 U.S.C. § 1101(b)(1)(E)(i), "we are aware of no law permitting an IJ or the BIA to stay removal proceedings pending an adoption without the government's consent." *Moreno–Morante v. Gonzales*, 490 F.3d 1172, 1176 (9th Cir.2007).

**PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.**