Porfirio GUTIERREZ–GRANADOS,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 07–72061.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2007 *.

Filed Nov. 19, 2007.

Dolores Antonia Guardado–Ortega, Van Nuys, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Nov. 13, 2007.*

Filed Nov. 19, 2007.

Law Office of Michelle Gonzalez, Huntington Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Aviva L. Poczter, Esq., Rosanne M. Perry, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: McKEOWN, TALLMAN and CLIFTON, Circuit Judges.

### MEMORANDUM **

Petitioner seeks review of the Board of Immigration Appeals' affirmance of the immigration judge's ("IJ") denial of his application for cancellation of removal. The IJ pretermitted petitioner's application, concluding that he lacked any qualifying relatives for purposes of cancellation of removal.

We agree that petitioner's niece does not meet the statutory definition of "child" set forth in 8 U.S.C. § 1101(b)(1) and therefore cannot be considered a qualifying relative for purposes of cancellation of removal under 8 U.S.C. § 1229b(1)(D). *See Moreno–Morante v. Gonzales,* 490 F.3d 1172, 1176–77 (9th Cir.2007) (holding that de facto parent-child relationship does not

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

support a finding of qualifying-relative status). Petitioner's constitutional challenge to the statutory definition of "child" likewise fails. *Cf. INS v. Hector,* 479 U.S. 85, 88, 107 S.Ct. 379, 93 L.Ed.2d 326 (1986) (per curiam); *Moreno–Morante,* 490 F.3d at 1178. Accordingly, respondent's motion for summary denial of the petition for review is granted.

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

