Leonardo **MALDONADO;** et al., Petitioners,

v.

Michael B. **MUKASEY,** Attorney General, Respondent.

No. 04–74485.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed March 5, 2008.

Nadeem H. Makada, Esq., Burlingame, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey J. Bernstein, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, KLEINFELD, and HAWKINS, Circuit Judges.

### MEMORANDUM *

Leonardo Maldonado and his wife, Maria Molia, (collectively, the "Maldonados") came to the United States in 1988 when their then 17–year old son, Mario, a lawful permanent resident, was seriously injured in a car accident. The accident left Mario in a permanent comatose state, and his parents overstayed their authorization in order to give him the continuous home care he requires. The Maldonados are Mario's legal guardians, and California has issued them Letters of Conservatorship in recognition of Mario's complete dependence upon them.

In 2000, the INS issued the Maldonados a Notice to Appear. The Maldonados conceded removability, but applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1). They argued that their removal would cause exceptional and extremely unusual hardship to their son, who would become a ward of the state if his parents were taken from him. The Immigration Judge ("IJ") rejected this argument, concluding that the Maldonados are statutorily ineligible for cancellation of removal because Mario is over the age of 21, and is therefore not a "child" as defined by 8 U.S.C. § 1101(b)(1). The Maldonados appeal from the BIA's summary affirmance of the IJ's decision.

■ Mario Maldonado cannot qualify as a "child" for purposes of cancellation of removal because he has been over 21 years of age at all times relevant to these proceedings. 8 U.S.C. § 1101(b)(1); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002). We recognize that Mario's permanent comatose state renders him wholly dependent upon the care his parents provide. Functionally, then, he is a child, and it seems unlikely that Congress would sanction the harsh result dictated by application of its unambiguous language in § 1101(b)(1). *See Mendiola–Sanchez v. Ashcroft,* 381 F.3d 937, 941 (9th Cir.2004). Nevertheless, the Supreme Court has in no uncertain terms prohibited us from interpreting the statute in the functional manner that would permit cancellation of removal under these circumstances. *See INS v. Hector,* 479 U.S. 85, 90, 107 S.Ct. 379, 93 L.Ed.2d 326 (1986); *Moreno–Morante v. Gonzales,* 490 F.3d 1172, 1178 (9th Cir.2007).

■ Because the facts cry out for relief, we stay the issuance of the mandate for 120 days to give the Maldonados the opportunity to apply for an administrative stay of removal pursuant to 8 C.F.R. § 241.6 or whatever other discretionary humanitarian relief may be available. *See Belishta v. Ashcroft,* 378 F.3d 1078, 1079 (9th Cir.2004). Because the Maldonados themselves provide Mario's necessary

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

twenty-four hour continuous care, separating them from him for any length of time presents unique danger to Mario's life, as well as extraordinary emotional hardship for the Maldonados and responsibility on the state of California. We recognize that the agency retains exclusive discretion to grant humanitarian relief in these circumstances, and we respectfully suggest that such discretion be exercised swiftly, in writing, and without placing the Maldonados in custody (which would likely result in grave consequences for their son or require the government to provide for his care).

Petition for review DENIED; Mandate STAYED for 120 days from the date of filing of this Memorandum.