**Ahmadreza GOLKAR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71478.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 2007.

April 15, 2008.

Ali Golchin, Law Offices of Ali Golchin, San Diego, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PAEZ and RAWLINSON, Circuit Judges, and CONLON,* District Judge.

### MEMORANDUM **

Ahmadreza Golkar, a native and citizen of Iran, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal and protection under Article 3 of the Convention Against Torture.[1] We review for substantial evidence Golkar's challenge to the IJ's adverse credibility determination, *Kaur v. Ashcroft*, 379 F.3d 876, 884 (9th Cir.2004), and grant the petition for review.

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We have jurisdiction to review final BIA orders under 8 U.S.C. § 1252(a). Because the BIA adopted the IJ's decision in full and cited *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's decision as if it were the BIA's." *Moreno–Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir.2007).

Initially, we note that, as grounds for his adverse credibility finding, the IJ pointed to several minor evidentiary discrepancies which the Government has not addressed or attempted to defend. To the degree these discrepancies exist, none provides a legitimate basis for an adverse credibility finding. At best, any inconsistencies in Golkar's account of his resistance to enforced daily prayer at his workplace in the early 1980s are minor and do not go to the heart of Golkar's claim that he has a well-founded fear of persecution based on his conversion to Christianity in the 1990s. *See id.* at 884–85. Similarly, the IJ's conclusion that Golkar would likely have had difficulty finding other work after being fired from that job in the 1980s, or that Golkar's wife would likely have reported his conversion to Christianity immediately upon their divorce, has no apparent basis in the record. *See, e.g., Shah v. INS,* 220 F.3d 1062, 1071 (9th Cir.2000) ("Speculation and conjecture cannot form the basis of an adverse credibility finding. . . .").

The Government defends the adverse credibility finding on the basis of the IJ's determination that Golkar "didn't explain his inability to know basic facts regarding the Christian faith." But this finding is also not grounded in substantial record evidence under our case law. Golkar's sworn testimony at the hearing offered a coherent, detailed and consistent account of his gradual attraction to Christianity, his personal conversion experience, and his baptism at a Tehran church. The IJ's

decision did not call into question, or even mention, this testimony. Rather, the IJ based his adverse credibility finding solely on inconsistent statements contained in the Assessment to Refer.[2] The Assessment to Refer, however, does not constitute substantial evidence to support an adverse credibility finding, because it suffers from the same defects in reliability as the Assessment to Refer rejected in *Singh v. Gonzales,* 403 F.3d 1081 (9th Cir.2005). *See id.* at 1087–90 (holding that "the asylum officer's Assessment To Refer [wa]s not sufficient evidence of what Singh said to permit evaluation of an asserted conflict" with Singh's later testimony where the Assessment to Refer, *inter alia,* "d[id] not contain any record of the questions and answers at the asylum interview, or other detailed, contemporary, chronological notes of the interview, but only a short, conclusory summary—essentially, an opinion"). Moreover, none of the "indicia of reliability" which might have led to a different result in *Singh* are present in this case. *Cf. id.* at 1089 (suggesting that an Assessment to Refer might be rendered relevant for impeachment where, for example, the asylum officer testifies at the hearing before the IJ or submits an affidavit, or the Service establishes that procedures were in place to ensure accurate translation at the interview).[3]

"[U]nder these circumstances, the Assessment To Refer, standing alone, is not substantial record evidence" to undermine

---

2. The Assessment to Refer is a document prepared by an asylum officer who "meets informally with the applicant, considers the documents presented with the asylum application, then decides whether asylum should be granted or whether the matter should be referred to an IJ for formal adjudication." *Singh v. Gonzales,* 403 F.3d 1081, 1087 (9th Cir.2005) (internal quotation marks omitted).

3. Because the Assessment to Refer is thus unreliable for impeachment under *Singh,* we need not address whether any or all of the asylum officer's questions (e.g., the chapter and verse in the Bible where the Lord's Prayer appears; how many chapters are in the Bible; the content of Psalm 23) constituted "an impermissible governmental inquiry into religious dogma and practice." *Mejia–Paiz v. INS,* 111 F.3d 720, 727–29 (9th Cir.1997) (Ferguson, J., dissenting).

Golkar's otherwise credible testimony. *Id.* at 1090. Because the IJ did not otherwise question Golkar's testimony about his conversion and baptism, but merely relied on the Assessment to Refer, this ground for the adverse credibility finding was not supported by substantial evidence.[4]

Because the adverse credibility finding was not supported by substantial evidence, we grant the petition for review. We vacate the decision of the BIA and remand with instructions that the BIA accept Golkar's testimony as credible and on that basis determine whether Golkar is entitled to withholding of removal and/or protection under Article 3 of the Convention Against Torture and whether asylum is to be granted as an exercise of discretion.

**PETITION GRANTED; REMANDED.**

RAWLINSON, Circuit Judge, dissenting:

I respectfully dissent. In my view, we are not compelled to find that the Immigration Judge's (IJ) adverse credibility determination was erroneous. *See Mansour v. Ashcroft,* 390 F.3d 667, 671 (9th Cir. 2004) (holding that contrary determination must be compelled to reverse the IJ).

If even one of the bases supporting the adverse credibility determination is supported by substantial evidence, the petition for review must be denied. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004).

In this case, the one basis supporting the adverse credibility determination is Ahmadrez Golkar's lack of knowledge regarding baptism, a basic Christian foundational ritual that he professed to have undergone. The majority disposition grants the petition primarily because of its con-

clusion that the Assessment To Refer in this case was unreliable. However, unlike the Assessment To Refer discussed in *Singh v. Gonzales,* 403 F.3d 1081 (9th Cir. 2005), the record does not reflect that the Assessment To Refer in this case suffered from the same deficiencies as noted in *Singh. See e.g. Singh,* 403 F.3d at 1088–89 (noting the apparent lack of a translator).

Because the adverse credibility determination was supported by substantial evidence, I would deny the petition.

---

4. The Government argues that Golkar should have corroborated his account of his conversion, but absent a legitimate reason to doubt Golkar's "direct and specific" testimony about his conversion, corroborating evidence is not required. *Kaur,* 379 F.3d at 889–90.