FILED

APR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR MKRTCHIAN, | No. 05-76691 |
| Petitioner, | |
| | Agency No. A078-256-142 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]
Pasadena, California

Before: FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Arthur Mkrtchian petitions this court for review of the BIA's affirmance of

the IJ's denials of Mkrtchian's applications for asylum, withholding of removal,

and relief under the Convention Against Torture.  The IJ made an adverse

credibility determination which the BIA affirmed.  Mkrtchian argues that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence does not support the credibility determination. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We review the IJ's decision as if it were the BIA's when the BIA adopts and affirms the IJ's decision by citing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994), as it did here. *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir. 2007). An adverse credibility determination will stand unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009) (internal quotation marks omitted).

The IJ found Mkrtchian not credible because, among other things, one of the principal instances of alleged persecution to which he testified was omitted entirely from prior testimony he provided at his mother's immigration hearing. The episode was a forcible entry and beating he and his family suffered at the hands of Armenian police in April 1995. At his mother's hearing, in addition to omitting the April incident, Mkrtchian testified that a similar incident approximately seven months *later* was the first time the police beat his family. The IJ provided Mkrtchian an opportunity to explain the inconsistency and Mkrtchian testified that he felt under pressure at the prior hearing and only provided direct answers to the questions he was asked. The IJ was not persuaded.

This discrepancy goes to the heart of Mkrtchian's claims and adequately supports the IJ's adverse credibility finding. *See Husyev v. Mukaskey*, 528 F.3d 1172, 1183 (9th Cir. 2008). The adverse credibility finding also supports the IJ's denial of withholding of removal and relief under the Convention Against Torture. This reason by itself sufficiently supports the IJ's adverse credibility determination. *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003).

PETITION DENIED.