**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANDEEP KAUR,<br><br>              Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>              Respondent. | No. 12-70442<br><br>Agency No. A074-804-298<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015[**]
San Francisco, California

Before: D.W. NELSON, CLIFTON, and N.R. SMITH, Circuit Judges.

Amandeep Kaur, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) order dismissing her appeal from an

Immigration Judge's (IJ) decision denying her application for asylum, withholding

of removal, protection under the Conventions Against Torture (CAT), adjustment

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of status, and voluntary departure. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

The BIA adopted and affirmed the IJ's decision, citing *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). Thus, we review the IJ's decision as if it were that of the BIA. *Moreno-Morante v. Gonzalez*, 490 F.3d 1172, 1174 (9th Cir. 2007).

We lack jurisdiction to review the BIA's determination that petitioner's asylum application was not filed within one year of her arrival in the United States. 8 U.S.C. § 1158(a)(3). Although the REAL ID Act, 8 U.S.C. § 1252(a)(2)(D), restored our jurisdiction over constitutional and legal questions previously barred by 8 U.S.C. § 1158(a)(3), petitioner has failed to raise any questions of law or constitutional claims on appeal. *See Husvey v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008); *Ramadan v. Gonzalez*, 479 F.3d 646, 648 (9th Cir. 2007) (per curiam).

The BIA properly affirmed the IJ's denial of petitioner's claims for withholding of removal and for protection under CAT based on the IJ's adverse credibility findings. The Real ID Act does not apply to Kaur's petition, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 n.1 (9th Cir. 2005), but a review of the IJ's decision demonstrates that substantial evidence supports the IJ's adverse credibility

2

findings and that inconsistencies in petitioner's testimony go to the heart of her claims, *see Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004).

The BIA also properly affirmed the IJ's rulings that petitioner was not eligible for adjustment of status based on her failure to prove that she was inspected and admitted when she entered the United States or the requisite hardship to a qualifying relative for a waiver of inadmissibility. 8 U.S.C. § 1255(a).

**PETITION DISMISSED IN PART; DENIED IN PART.**