NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOMAS SANCHEZ POPOCA, | No. 20-72653 |
| Petitioner, | Agency No. A092-687-341 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 15, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and ANTOON,** District Judge.

Tomas Sanchez Popoca, a citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") denial of his applications for withholding

of removal and for protection under the Convention Against Torture ("CAT"). We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

deny Sanchez Popoca's petition for review.

1. The BIA did not abuse its discretion by concluding that Sanchez Popoca committed a particularly serious crime and so is ineligible for withholding of removal. Withholding of removal under the Immigration and Nationality Act ("INA") and CAT is unavailable to a noncitizen if he or she, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States." 8 U.S.C. § 1231(b)(3)(B)(ii); *see* 8 C.F.R. § 1208.16(d)(2). "The applicable legal standard to determine if a crime is particularly serious, described in the BIA's decision in *Matter of Frentescu,* 18 I. & N. Dec. 244 (BIA 1982), requires the agency to ask whether 'the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community.'" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (quoting *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc)). In reviewing a particularly serious crime determination, this Court "is limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach [its] conclusion." *Id.* (first alteration in original) (quoting *Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)).

When analyzing Sanchez Popoca's felony conviction for drunk driving with priors, the IJ correctly analyzed each of the three factors required by *Matter of*

*Frentescu*, and the BIA adopted and affirmed the IJ's decision. First, the IJ assessed the "nature of the conviction," explaining that drunk driving is "an inherently dangerous activity" because it "has the potential for great harm to the driver and all others encountered." The IJ then explained that Sanchez Popoca's conviction resulted in a suspended two-year prison sentence, that he was placed on probation—a condition of which was serving 730 days in county jail—and that he ultimately served seven months in custody. Last, the IJ considered the facts and circumstances underlying Sanchez Popoca's DUI conviction, specifically that the record indicated Sanchez Popoca's drunk driving conviction occurred while his license was already suspended because of a prior drunk driving conviction.

Once the government's evidence indicated that Sanchez Popoca may have committed a particularly serious crime, it was his burden to prove that the particularly serious crime bar did not apply. *See* 8 C.F.R. §§ 1208.16(d)(2), 1240.8(d). Although Sanchez Popoca's counsel pointed out that the government-provided records of Sanchez Popoca's criminal history did not state that his drunk driving conviction involved any accident or injury, Sanchez Popoca presented no testimony about whether his conviction involved an accident or injury. Because Sanchez Popoca bore the burden of showing that his drunk driving conviction did not constitute a particularly serious crime, and because we "may not reweigh the evidence and reach our own determination about the crime's seriousness,"

*Avendano-Hernandez*, 800 F.3d at 1077, we deny Sanchez Popoca's petition for review as to the agency's particularly serious crime determination.[1]

2. Sanchez Popoca also challenges the agency's decision that he is ineligible for deferral of removal under CAT. We lack jurisdiction to hear this claim.

The IJ denied Sanchez Popoca's claim for deferral of removal under CAT based on the IJ's finding that Sanchez Popoca was not credible. Sanchez Popoca did not file a brief before the BIA. In his notice of appeal to the BIA, along with challenging the IJ's particularly serious crime determination, Sanchez Popoca argued only that the IJ erred by refusing to permit his wife to testify about two incidents in which Sanchez Popoca had been kidnapped. After rejecting that argument, the BIA held that Sanchez Popoca had waived any other challenge to the IJ's denial of deferral of removal under CAT because his notice of appeal did not argue "that he established his eligibility for deferral of removal based on the record as it stood before the" IJ.

We agree. A noncitizen appealing an immigration decision is "deemed to have exhausted only those issues he raised and argued" before the BIA. *Abebe v.*

---

[1] Contrary to the IJ's suggestion, however, this Court did not hold in *Delgado v. Holder*, 648 F.3d 1095 (9th Cir. 2011) (en banc), that a drunk driving conviction may be considered a particularly serious crime absent an accident or injury. Instead, after holding that the BIA could designate offenses as particularly serious crimes through case-by-case adjudication, *Delgado* remanded to the BIA for a clearer explanation of its decision without deciding whether any of the DUI convictions at issue there were particularly serious crimes. *Id.* at 1106–08.

*Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). "When a petitioner files no brief and relies entirely on the notice of appeal to make an immigration argument," as Sanchez Popoca did here, "the notice of appeal serves in lieu of a brief, and he will be deemed to have exhausted all issues raised therein," but not others. *Id.*

Before this Court, Sanchez Popoca argues that the IJ erred by concluding his testimony was not credible and that, based on the evidence presented to the IJ, he demonstrated a sufficient likelihood of future torture. But he raised neither of those arguments in his notice of appeal to the BIA. Instead, he raised the separate, specific argument—that the IJ should have permitted his wife to testify in support of his claims for relief. Unlike cases in which petitioners did "not set forth" the "specific legal ground for the challenge" but nevertheless exhausted their claims by raising a more general challenge to the IJ's denial of CAT relief, *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008); *see Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007), Sanchez Popoca's notice of appeal *did* raise a specific basis for challenging the IJ's decision, but one entirely distinct from the arguments he raises now. Because Sanchez Popoca did not contest the IJ's adverse credibility finding before the BIA and did not argue that he was eligible for deferral of removal based on the evidence presented to the IJ, he has failed to exhaust those arguments before the agency.

**PETITION FOR REVIEW DENIED.**

5