**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

**SEP 19 2023**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALMA TORRES-SANCHEZ,<br><br>        Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>        Respondent. | No. 21-1312<br><br>Agency No.<br>A205-147-465<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2023**
Phoenix, Arizona

Before: HURWITZ, BUMATAY, and DESAI, Circuit Judges.

Alma Torres-Sanchez ("Torres"), a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal

from an order of an immigration judge ("IJ") denying withholding of removal,

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture, and voluntary departure. Exercising jurisdiction under 8 U.S.C. § 1252, we grant the petition in part and deny it in part.

1. Substantial evidence supports the IJ's finding that Torres established neither past persecution nor a clear probability of future persecution based on her membership in a social group of "lesbian women in Mexico." *See Sharma v. Garland*, 9 F.4th 1052, 1063–66 (9th Cir. 2021). Torres did not identify as a lesbian when she was sexually assaulted by a taxi driver in 2008, nor is there any evidence that her assailant perceived her as such. As to feared future persecution, the IJ cited evidence that same-sex marriage has been legal in Mexico City since 2010 and is also legal in at least 10 other states. The IJ further noted a variety of measures initiated by the Mexican government in 2016 to protect same-sex couples and recent steps taken "to establish legal protections against sexual and gender-based violence." Moreover, Torres only claimed a general fear of return because she has "heard from unspecified sources that lesbian individuals are mistreated in Mexico." The evidence Torres submitted about violence against gay, lesbian, and transgender individuals in Mexico does not compel a finding of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

2. Substantial evidence also supports the IJ's finding that Torres failed to establish a clear probability of torture by or with the "acquiescence of a public

official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1); *Zheng v. Ashcroft*, 332 F.3d 1186, 1188 (9th Cir. 2003). Torres never suggested that her 2008 assailant acted by or with the consent of Mexican officials, and her testimony otherwise does not establish a personal risk of future torture.

3. Torres also challenges the BIA's denial of voluntary departure, arguing that, by the time the BIA rendered its decision, her 2016 conviction fell outside the five-year period during which a voluntary departure applicant must show good moral character. 8 U.S.C. § 1229c(b)(1). The Attorney General argues that this claim is unexhausted. A non-constitutional claim in a petition for review must first have been raised before the BIA. 8 U.S.C. § 1252(d)(1); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citing *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)). Torres argued before the BIA that "the IJ failed to consider that the majority of Respondent's convictions were several years ago when he denied Respondent Voluntary Departure." Although this argument is not precisely the one raised in the petition for review, it suffices for purposes of exhaustion. A "petitioner may raise a general argument in the administrative proceeding and then raise a more specific legal issue on appeal." *Bare*, 975 F.3d at 960. Torres's assertion put the BIA on notice of her challenge to the voluntary departure determination based on the age of her 2016 conviction. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004); *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007).

4.  The BIA did not squarely address the argument raised in the petition for review—whether the 2016 conviction disqualifies her from voluntary departure even though it occurred more than five years before the BIA's final decision.  We therefore remand for the agency to address the contention in the first instance.

**PETITION DENIED IN PART AND GRANTED IN PART.**