NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN BLADMIRO SANCHEZ PINMENTEL,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-6825<br><br>Agency No.<br>A200-602-751<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2026**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Robin Bladmiro Sanchez Pinmentel petitions for review of a decision of the

Board of Immigration Appeals ("BIA") denying his motion to sua sponte reopen.

We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction to review the BIA's decision not to reopen removal proceedings sua sponte only "for the limited purpose of reviewing the reasoning behind the [BIA's] decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). We review for abuse of discretion the BIA's denial of a motion to reopen, and we review purely legal questions de novo. *Id.* at 581.

1. Petitioner argues that the BIA erred when it declined to consider *Wilkinson v. Garland*, 601 U.S. 209 (2024), which he contends was a "fundamental change in law." The BIA did not err in concluding that *Wilkinson* addressed only whether courts can review hardship determinations and did not change anything about the standards the agency follows in making such determinations. *Wilkinson*, 601 U.S. at 225–26. There was accordingly no relevant change in law, and "even if [a case] was a fundamental change, it does not follow that the BIA committed legal or constitutional error in denying . . . relief." *Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020).

2. Petitioner also argues that the BIA erred when it determined that his grandson was not a qualifying relative under statute. But even where a grandparent is the legal guardian of and has custody of his grandchildren, a grandchild does not count as a "child" under 8 U.S.C. § 1229b(b)(1)(D). *Moreno-*

*Morante v. Gonzales*, 490 F.3d 1172, 1176–78 (9th Cir. 2007). Pending adoption petitions for grandchildren likewise do not allow grandchildren to count as "children" for purposes of 8 U.S.C. § 1101. *Id.* at 1176. To the extent Petitioner makes other arguments about the BIA's hardship determination with respect to his grandson, they do not relate to legal or constitutional error, and we therefore lack jurisdiction to consider them. *Bonilla*, 840 F.3d at 588.

3. Petitioner lastly argues that that the BIA erred when, in determining whether to administratively close the case, it failed to apply the factors outlined in *Matter of Avetisyan*, 25 I. & N. Dec. 688 (BIA 2012). To administratively close the case, the BIA would have first needed to grant Petitioner's motion to sua sponte reopen. Petitioner's argument that the BIA made a legal error in denying him administrative closure assumes that his motion should have been reviewed as if it were a standalone motion for administrative closure, not a motion for reopening. Properly understood as a motion for reopening, the BIA did not apply the wrong legal standard in evaluating it.

Petition **DENIED**.