**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 17 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA TERESA ROSAS-GONZALEZ, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-3564 Agency No. A205-411-452 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and FRIEDLAND, Circuit Judges.

Petitioner Maria Teresa Rosas-Gonzalez, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' (BIA) decision upholding an

Immigration Judge's (IJ) denial of her application for cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Where, as here, the BIA affirms the IJ, cites *Matter of Burbano*, "and does not express disagreement with any part of the IJ's decision, the BIA effectively adopts the IJ's decision in its entirety," and "we review the IJ's decision as if it were the BIA's." *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir. 2007) (discussing *Matter of Burbano*, 20 I. & N. Dec. 872 (B.I.A. 1994)). Our task is to determine "whether the BIA erred in applying the exceptional and extremely unusual hardship standard to a given set of facts [] by reviewing for substantial evidence," *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025), and we will reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary based on the evidence in the record," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citation modified).

To qualify for cancellation of removal, an applicant is required to show that her removal would result in "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The hardship "must be out of the ordinary and exceedingly uncommon" and "must deviate, in the extreme, from the norm" when compared to "the hardship that results in the usual, ordinary course when an alien is removed." *Gonzalez-Juarez*, 137 F.4th at 1006.

Here, substantial evidence supports the IJ's determination that Petitioner did not show that her removal would cause her citizen father to suffer the requisite hardship for her to qualify for cancellation of removal. The IJ considered

23-3564

Petitioner's father's various medical conditions but noted that he lived in California while Petitioner lived in Arizona and visited him only three times a year. The IJ further noted that Petitioner's father appeared relatively independent, was still able to drive short distances, and was financially stable. Finally, the IJ noted that Petitioner was not her father's only caregiver, as he lived with his wife, who, like him, was receiving financial and medical benefits. Petitioner's claim that the IJ failed to consider "how the father's health would continue to decline and that what he faces in 2025 would naturally be different tha[n] 2019 when the father's health was assessed" is simply untrue—the IJ expressly took account of the fact that her father "will continue to suffer the ill-effects of being 79 *and later age[s]* other than that." And in any event, Petitioner has not presented any evidence that *her removal* would be the cause of any exceptional or extremely unusual hardship.

Petitioner argues that because the IJ stated he was giving "greater weight" to certain evidence of country conditions in Mexico, the IJ incorrectly believed Petitioner's father would be returning to Mexico with her if she was removed. But the IJ never suggested he believed Petitioner's father would return to Mexico with her, nor does he appear to have ever contemplated this possibility anywhere in his decision. To the contrary, the IJ appears to have assumed her father would continue to live in California, receiving medical benefits and retirement pay and making mortgage payments on his house.

23-3564

Considering the totality of the circumstances, substantial evidence supports the conclusion that Petitioner's father would not suffer exceptional and extremely unusual hardship as a result of Petitioner's removal.

**PETITION DENIED.**