**Baj SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73958.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2009.*

Filed Dec. 15, 2009.

Taranjeet Kaur Buttar, I, Esquire, Buttar & Cantor, LLP, Tukwila, WA, Patrick Ontiveros Cantor, Esquire, Buttar & Cantor, LLP, Tukwila, WA, for Petitioner.

Craig Alan Newell, Jr., Esquire, Trial, Jesse Lloyd Busen, Trial, Aviva Poczter, Senior Litigation Counsel, Emily Anne Radford, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

MEMORANDUM **

Baj Singh ("Singh"), a native and citizen of India, petitions for review of the Board of Immigration Appeals's ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") decision denying Singh's applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The IJ denied all relief because she did not find Singh credible. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review the IJ's decision when the BIA adopts and affirms the IJ's decision by citing to *Matter of Burbano*, 20 I. & N.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Dec. 872 (BIA 1994), as it did here. *Moreno–Morante v. Gonzales,* 490 F.3d 1172, 1174 (9th Cir.2007). We review an IJ's adverse-credibility finding under the substantial evidence standard. *Tawadrus v. Ashcroft,* 364 F.3d 1099, 1102 (9th Cir. 2004). We will uphold the IJ's finding if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole," *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we cannot reverse "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result," *Singh–Kaur v. INS,* 183 F.3d 1147, 1149–50 (9th Cir.1999).

The IJ's decision to grant or deny relief rested primarily on Singh's testimony, and we defer to the IJ's determination of credibility because the IJ is in the best position to assess the trustworthiness of the applicant's testimony. *See Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir.2003).

Substantial evidence supports the IJ's finding that Singh was inconsistent in nearly every major aspect of his testimony—each of which went to the heart of his claim—including why the police allegedly arrested him, his brother's involvement in the arrests, the last time Singh saw his brother, Singh's brother's ability and desire to leave India, when Singh learned of his friend's deportation, and when Singh received a letter from his doctor. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001). Substantial evidence also supports the IJ's finding that Singh was unresponsive and evasive regarding Singh's knowledge of the police's interest in Singh's brother and his brother's friend Roop, why Singh traveled across Canada before entering the United States, why Singh's doctor's letter was written in English, when Singh received the doctor's letter, why the doctor's letter did not include a date, and what type of abuse his wife allegedly suffered. Finally, substantial evidence supports the IJ's finding that Singh provided implausible testimony regarding Singh's lack of knowledge of the police's motive for allegedly arresting him. Even if we were to credit Singh's objections to some IJ findings, there remains substantial evidence to support the adverse-credibility finding. *See Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004) (requiring upholding an IJ's adverse-credibility finding if substantial evidence supports just one of the reasons that the IJ provides).

Moreover, where, as here, a petitioner's CAT claim is based on statements that are not credible and the petitioner offers no other evidence to support the claim, CAT protection is properly rejected. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

**DENIED.**