**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



|  |  |
|---|---|
| MARTINS EYIRE IMAKU; AMINA IMAKU; MARY ENEYOKHE IMAKU; CHRISTOPHER EDERIAGBAH IMAKU; AZEMOBHO AUGUSTA IMAKU; ILOUBHE AFEMIKHE IMAKU; OMONEGHO AUGUSTA IMAKU, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-75455 <br><br> Agency Nos. A097-354-781 <br> A097-354-782 <br> A097-354-783 <br> A097-354-784 <br> A078-112-947 <br> A078-112-948 <br> A078-112-949 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

Martins Imaku, his wife, Amina, their minor children Azemobho, Iloubhe, and Omonegho, and Martins' adult children, Christopher and Mary, petition this Court for review of the Board of Immigration Appeals' dismissal of their case.[1] The BIA affirmed an adverse credibility determination of the immigration judge and affirmed the IJ's denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture. Martins Imaku argues the IJ's adverse credibility determination was not supported by substantial evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

We review the IJ's decision as if it were the BIA's when the BIA adopts and affirms the IJ's decision by citing to *Matter of Burbano*, 20 I & N Dec. 872 (BIA 1994), as it did here. *Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1174 (9th Cir. 2007). An adverse credibility determination will stand unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Malkandi v. Holder*, 576 F.3d 906, 908 (9th Cir. 2009) (internal citations omitted).

---

[1]Amina, Christopher, and Mary were all found by the IJ and the BIA to be ineligible for asylum based on their untimely applications. He also denied them withholding of removal and CAT relief on the grounds that their claims were not credible. These determinations are not challenged by petitioners in this petition for review. Accordingly, only Martins's application and the derivative applications of his three minor children are at issue here.

2

The IJ found that Martins Imaku was not credible because, among other things, one of the principal instances of alleged persecution to which he testified was omitted entirely from his asylum application. The episode was an alleged arrest, detention, and multiple beatings he suffered at the hands of the Nigerian government. Imaku's declaration in support of his asylum application was thirteen pages, single-spaced, and was prepared with the assistance of counsel. The IJ provided Imaku with an opportunity to explain the omission of the incident from his declaration and Imaku testified that it did not come to mind at the time he wrote the declaration. The IJ found this explanation implausible in light of Imaku's statements that this was the only time he was ever arrested and that during the detention he was severely beaten with horsewhips and batons. This discrepancy goes to the heart of his claims and adequately supports the IJ's adverse credibility finding. *See Husyev v. Mukaskey*, 528 F.3d 1172, 1183 (9th Cir. 2008). The adverse credibility finding also supports the IJ's denial of withholding of removal and relief under the Convention Against Torture.

PETITION DENIED.

3