**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUSTAVO ISRAEL OJEDA-MARTINEZ, | No. 06-70348 |
| Petitioner, | Agency No. A077-336-508 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2010[**]

Pasadena, California

Before: TROTT and W. FLETCHER, Circuit Judges, and BREYER,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

Gustavo Ojeda-Martinez is a native and citizen of Mexico who entered the United States at age 11 without being admitted or paroled. Ojeda-Martinez was legally adopted at age 20 by a United States citizen. The Immigration Judge ("IJ") held that Ojeda-Martinez does not qualify for cancellation of removal under Immigration and Nationality Act ("INA") § 240A(b)(1), 8 U.S.C. § 1229b(b)(1)(D). The IJ concluded that Ojeda-Martinez has no qualifying relative as defined by INA § 101(b), 8 U.S.C. § 1101(b). The Board of Immigration Appeals ("BIA") affirmed and adopted the IJ's decision in its entirety, citing to *Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994).

Where the BIA cites *Burbano*, we review the IJ's decision as if it were a decision of the BIA. *See Samayoa-Martinez v. Holder*, 558 F.3d 897, 899 (9th Cir. 2009). We review questions of law de novo. *See Aguilar Gonzales v. Mukasey*, 534 F.3d 1204, 1208 (9th Cir. 2008). The BIA's unpublished one-member opinion interpreting immigration law may be entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). *See Garcia-Quintero v. Gonzales*, 455 F.3d 1006, 1011–15 (9th Cir. 2006) (citing *United States v. Mead Corp.*, 533 U.S. 218, 237 (2001)).

We lack jurisdiction under INA § 242(d)(1), 8 U.S.C. § 1252(d)(1), to review Ojeda-Martinez's argument that his adoptive father is a qualifying relative

2

under INA § 240A(b)(1). At his hearing before the IJ, Ojeda-Martinez conceded that he had no qualifying relative under § 240A(b)(1). In his brief to the BIA, Ojeda-Martinez asserted only constitutional arguments and did not challenge the IJ's interpretation of § 240A(b)(1). We do not have jurisdiction to reach arguments that were not presented to the IJ or BIA and that are raised for the first time in a petition for review. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *see also Brezilien v. Holder* 569 F.3d 403, 412 (9th Cir. 2009) (applying *Barron* to a post-REAL ID Act case).

Even if we had jurisdiction to consider Ojeda-Martinez's statutory argument, that argument fails because the plain language of § 101(b) controls the definition of qualifying relative for purposes of cancellation of removal. *See Moreno-Morantes v. Gonzales*, 490 F.3d 1172, 1175 (9th Cir. 2007); 8 U.S.C. § 1101(b)(2) ("The terms 'parent,' 'father,' or 'mother' mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in subdivision (1) of this subsection."); 8 U.S.C. § 1101(b)(1) ("The term 'child' means an unmarried person under twenty-one years of age who is . . . (E)(i) a child adopted while under the age of sixteen years.")

We also reject Ojeda-Martinez's argument that application of § 101(b)(1)(E) to his application for cancellation of removal violates his right to

equal protection under the Due Process Clause of the Fifth Amendment. The requirement under § 101(b)(1)(E) that an individual be under the age of 16 at the time of adoption is just one distinction "of many drawn by Congress pursuant to its determination to provide some but not all families with relief from various immigration restrictions." *Fiallo v. Bell*, 430 U.S. 787, 797 (1977). "With respect to each of these legislative policy distinctions, it could be argued that the line should have been drawn at a different point . . . [b]ut it is clear from our cases, . . . that these are policy questions entrusted exclusively to the political branches of our Government." *Id*. at 798.

**DENIED.**