**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA FRANCISCA AGUIRRE
JIMENEZ,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71118

Agency No. A097-881-314

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011**

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Maria Francisca Aguirre Jimenez, a native and citizen of Guatemala,

petitions for review from the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, relief under the Convention

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We dismiss in part, grant in part, and remand the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Aguirre Jimenez failed to show exceptional and extremely unusual hardship to her United States citizen son. *See* 8 U.S.C. § 1252(a)(2)(B); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

The BIA failed to address Aguirre Jimenez's contention on appeal that extraordinary circumstances excused the untimely filing of her asylum application. *See Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007) (general argument in brief to BIA is sufficient to put BIA on notice and allow BIA to pass on the issue). Accordingly, we remand Aguirre Jimenez's asylum claim to the BIA to address the issue in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In addition, the IJ did not provide a reasoned explanation for its alternative denial of Aguirre Jimenez's asylum claim on the merits, and the BIA did not cure this error in its conclusory determination regarding withholding of removal. *See*

*Avetova-Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir. 2007) (due to "the lack of analysis that the BIA opinion devoted to the issue at hand," looking "to the IJ's oral decision as a guide to what lay behind the IJ's conclusion"). In particular, the BIA and the IJ did not address Aguirre Jimenez's claims for asylum and withholding of removal on account of her race, as a member of the native Kanjobal tribe, and her membership in a particular social group, as an indigenous Guatemalan woman. In light of this, and because the agency did not have the benefit of our decision in *Perdomo v. Holder*, 611 F.3d 662, 669 (9th Cir. 2010), we remand to the BIA for consideration of these issues in the first instance. *See Ventura*, 537 U.S. at 16-18.

Finally, we also grant the petition for review as to Aguirre-Jimenez's CAT claim and remand for the agency to reconsider the claim in light of all the evidence in the record, including the country reports. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 & n.6 (9th Cir. 2010); *Al-Saher v. INS*, 268 F.3d 1143, 1146-48 (9th Cir. 2001).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**