**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT ANTHONY SMALL, | No. 12-74122 |
| Petitioner, | Agency No. A039-746-910 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 8, 2014
San Francisco, California

Before: TASHIMA and PAEZ, Circuit Judges, and QUIST, Senior District
Judge.[**]

Robert Small, a native of Jamaica, petitions for review of the Board of

Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ")

order terminating his previously granted withholding of removal and denying his

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gordon J. Quist, Senior United States District Judge
for the Western District of Michigan, sitting by designation.

application for deferral of removal under the Convention Against Torture ("CAT").

This Court has jurisdiction to review constitutional claims and questions of law raised by Small in his petition for review. *See* 8 U.S.C. § 1252(a)(2)(D).

Small argues that his withholding of removal was improperly terminated under 8 C.F.R. § 1208.24(b)(3). Specifically, Small argues that the IJ and BIA impermissibly aggregated the prison sentences of his convictions that were committed before he was granted withholding of removal in 2001 with those committed after the grant.

As an initial matter, we conclude that Small exhausted this argument with the BIA. This Court construes *pro se* claims "liberally for purposes of the exhaustion requirement." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008). Small raised the argument that his withholding of removal was improperly terminated in his brief to the BIA. His assertions were sufficient to put the BIA on notice that this issue was in front of it, particularly under the "forgiving standard[]" used to review *pro se* appeals. *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011); *see also Moreno-Morante v. Gonzales*, 490 F.3d 1172, 1173 n.1 (9th Cir. 2007) (holding a petitioner's "failure to elaborate on his general contention with a specific statutory argument" to be "immaterial for jurisdiction purposes").

However, the BIA did not address this argument. Under the "ordinary

2

remand rule," "we are not permitted to decide a claim that the immigration court has not considered in the first instance." *Montes-Lopez v. Gonzales*, 486 F.3d 1163, 1165 (9th Cir. 2007) (citing *INS v. Ventura*, 537 U.S. 12, 16 (2002) (per curiam)).

Accordingly, we **GRANT** Small's petition for review in part, as to his claim that his grant of withholding of removal was improperly terminated, and **REMAND** this issue to the BIA so that it may consider Small's claim in the first instance.[1]

---

[1] We do not reach the remaining issues raised in Small's petition for review. He is free to re-raise those issues in a subsequent petition for review after the BIA adjudicates his withholding of removal claim if it results in a final order of removal.